**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MARIA ANURAG REDDY BASANI**<br>**8626 Greenway Boulevard**<br>**Apartment 213**<br>**Middleton, WI  53562**<br><br>     **Plaintiff,**<br><br>     **v.**<br><br>**KIRSTJEN M. NIELSEN, Secretary,**<br>**U.S. Department of Homeland**<br>**Security, in her official capacity, as**<br>**well as her successors and assigns,**<br>**245 Murray Lane, S.W., Building 410,**<br>**Washington, D.C.  20528,**<br><br>     **and**<br><br>**JEFFERSON B. SESSIONS III,**<br>**Attorney General of the United**<br>**States, in his official capacity as well**<br>**as his successors and assigns,**<br>**U.S. Department of Justice,**<br>**950 Pennsylvania Avenue, N.W.,**<br>**Washington, D.C. 20530-0001,**<br><br>     **and**<br><br>**L. FRANCIS CISSNA, Director, U.S.**<br>**Citizenship and Immigration**<br>**Services, U.S. Department of**<br>**Homeland Security, in his official**<br>**capacity, as well as his successors**<br>**and assigns, 20 Massachusetts**<br>**Avenue, N.W., Washington, D.C.**<br>**20008,**<br><br>     **and**<br><br>**KEVIN K. MCALEENAN, Acting**<br>**Commissioner, U.S. Customs and**<br>**Border Protection, U.S. Department**<br>**of Homeland Security, in his official**<br>**capacity, as well as his successors**<br>**and assigns, 1300 Pennsylvania**<br>**Avenue, N.W., Washington, D.C.**<br>**20229,** | **COMPLAINT FOR DECLARATORY AND**<br>**INJUNCTIVE RELIEF AND REVIEW OF**<br>**AGENCY ACTION UNDER THE**<br>**ADMINISTRATIVE PROCEDURE ACT**<br><br>**CIVIL ACTION NO. _____**<br><br>**AGENCY CASE NUMBERS: 2016167**<br>**988 23 HYD, N0007149440, WAC-144-**<br>**134-51827, WAC-15-064-50109, WAC-**<br>**16-008-51839, LIN1721150388,**<br>**17040966330** |

|  | ) |
| **and** | ) |
|  | ) |
| **THOMAS D. HOMAN, Deputy Director** | ) |
| **and Senior Official Performing the** | ) |
| **Duties of the Director, U.S.** | ) |
| **Immigration and Customs** | ) |
| **Enforcement, U.S. Department of** | ) |
| **Homeland Security, in his official** | ) |
| **capacity, as well as his successors** | ) |
| **and assigns, 500 12th Street, S.W.,** | ) |
| **Washington, D.C., 20536,** | ) |
|  | ) |
| **and** | ) |
|  | ) |
| **REX W. TILLERSON, Secretary, U.S.** | ) |
| **Department of State, in his official** | ) |
| **capacity, as well as his successors** | ) |
| **and assigns,** | ) |
| **2201 C Street, N.W.,** | ) |
| **Washington, D.C.  20520,** | ) |
|  | ) |
| **and** | ) |
|  | ) |
| **DAVID T. DONAHUE, Acting** | ) |
| **Assistant Secretary, Bureau of** | ) |
| **Consular Affairs, U.S. Department of** | ) |
| **State, in his official capacity, as well** | ) |
| **as his successors and assigns,** | ) |
| **2201 C Street, N.W.,** | ) |
| **Washington, D.C.  20520,** | ) |
|  | ) |
| **and** | ) |
|  | ) |
| **EDWARD J. RAMOTOWSKI, Deputy** | ) |
| **Assistant Secretary for Visa Services,** | ) |
| **Bureau of Consular Affairs, U.S.** | ) |
| **Department of State, in his official** | ) |
| **capacity, as well as his successors** | ) |
| **and assigns,** | ) |
| **2201 C Street, N.W.,** | ) |
| **Washington, D.C. 20520,** | ) |
|  | ) |
| **and** | ) |
|  | ) |
| **KENNETH I. JUSTER, U.S.** | ) |
| **Ambassador, U.S. Embassy to India,** | ) |
| **Department of State, in his official** | ) |
| **capacity, as well as his successors** | ) |
| **and assigns, Shanti Path, Chanakya** | ) |
| **Puri, New Delhi 110 021 India,** | ) |

<table>
<tr><td>

**and**

**KATHERINE B. HADDA, Consul General, U.S. Consulate General of India, U.S. Department of State, in her official capacity, as well as her successors and assigns,**
1-8-323, Chiran Fort Lane
Begumpet, Secunderabad 500 003
India,

**and**

**DONALD MULLIGAN, Chief of the Consular Section, U.S. Consulate General of India, U.S. Department of State, in his official capacity, as well as his successor and assigns,**
1-8-323, Chiran Fort Lane
Begumpet, Secunderabad 500 003
India,

**and**

**JOHN DOE, Officer, Nonimmigrant Visa Unit, U.S. Consulate General of India, U.S. Department of State, in his official capacity, as well as his successor and assigns,**
1-8-323, Chiran Fort Lane
Begumpet, Secunderabad 500 003
India,

        **Defendants.**

</td><td>

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

</td></tr>
</table>

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURES ACT

Plaintiff, Maria Anurag Reddy Basani ("Plaintiff"), through undersigned counsel, alleges as follows:

## I.     INTRODUCTION

1.     Plaintiff applied for an H1B visa at the U.S. Consulate in Hyderabad, India. His application for an H1B visa was denied because of a determination of inadmissibility, pursuant to 8 U.S. Code ("U.S.C.") § 1182(a)(6)(C)(i), entered into the relevant U.S. government databases by Defendant Department of Homeland Security ("DHS") in the U.S. (the "Fraud Finding"). This determination of inadmissibility requires him to apply for a waiver for any and all future U.S. visa applications.

2.     Plaintiff has not been given any explanation by any Defendants regarding the specific entity that entered of the 8 U.S.C. § 1182(a)(6)(C)(i) determination against him. According to information provided by Defendant Department of State ("DOS"), Defendant DHS had already entered this finding without giving Plaintiff the opportunity to hear and rebut the allegations pursuant to 8 U.S.C. § 1182(a)(6)(C)(i) prior to being subjected to this inadmissibility ground.

3.     Plaintiff has not been given any information by any Defendants regarding when the 8 U.S.C. § 1182(a)(6)(C)(i) determination was entered against him or the reason that this Fraud Finding was entered into U.S. government databases. Plaintiff has made multiple attempts to obtain this information from Defendants, but all such efforts have failed to shed any information relevant to this Fraud Finding.

4.     This civil action seeks judicial review and challenges Defendants' action in unlawfully making a determination of inadmissibility against Plaintiff pursuant to 8 U.S.C. § 1182(a)(6)(C)(i) without following the required administrative procedures and Defendants' subsequent refusal to withdraw or remove this improper finding of inadmissibility against him from the relevant U.S. government databases.

5.     The Administrative Procedure Act ("APA") requires that administrative agencies not adjudicate matters presented to them in an "arbitrary" or "capricious" manner "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," "without observance of

procedure required by law," or where "unsupported by substantial evidence." *See*, 5 U.S.C. § 706(2).

6.      This action seeks injunctive and declaratory relief to compel the Department of Homeland Security ("DHS") to withdraw or remove the finding of inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(C)(i) made against Plaintiff. The APA provides that a person adversely affected by agency action is entitled to judicial review. *See*, 5 U.S.C. § 702.  A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." *See*, 5 U.S.C. § 706(1).

7.      Plaintiff has made inquiries with the Department of State ("DOS"), and the Department of Homeland Security ("DHS") (and its agencies), regarding Defendant DHS's action in entering the 8 U.S.C. § 1182(a)(6)(C)(i) finding of inadmissibility, without success. Plaintiff notes multiple agency errors and failures to follow proper law and procedure, which are the basis of this action.

8.      As a result, Plaintiff suffers the hardships of unreasonably and unlawfully being deprived of admission to the U.S., as detailed further herein.

9.      Defendant DHS's finding of inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(C)(i) was arbitrary and capricious.   Collectively, the Defendants failed to observe established procedure, regulations, and binding precedent decisions, in violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

10.     Plaintiff seeks an order from this Honorable Court directing Defendants to complete all necessary steps to withdraw the 8 U.S.C. § 1182(a)(6)(C)(i) inadmissibility finding within thirty (30) days from an Order of this Court.

11.     Plaintiff is entitled to attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), as outlined in 5 U.S.C. § 504 and 28 U.S.C. § 2412(d), *et seq.*

## II.   JURISDICTION

12.     This Honorable Court has subject matter jurisdiction over the claims alleged in this action under: (1) 28 U.S.C. § 1331 (federal question jurisdiction), because Plaintiff's claims arise under the laws of the U.S., including 5 U.S.C. §§ 555 and 701, et seq. (APA), 8 U.S.C. § 1101 et seq. (Immigration and Nationality Act ["INA"]) (including 8 U.S.C. §§ 1182, 1184, 1201, 1202 and 1204); and (2) 28 U.S.C. § 1361 (Mandamus Act).  This court may grant relief in this action under 5 U.S.C. §§ 553, et seq. and §§ 701 et seq. (APA); 28 U.S.C. §§ 1361, et seq. (Mandamus Act); 28 U.S.C. §§ 651, et seq. (All Writs Act); and 28 U.S.C. §§ 2201, et seq. (Declaratory Judgment Act).

## III.   VENUE

13.     Venue is properly with this Court, pursuant to 28 U.S.C. §1391(e)(1), because:

a.     Defendant Secretary Kirstjen M. Nielsen is an officer of the DHS and is responsible for the operation of DHS and its sub-agencies, which are headquartered in the District of Columbia. The functions of DHS include performing clearances for the DOS of visa applicants through records and databases. Defendant Nielsen performs a significant amount of her official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

b.     Defendant U.S. Attorney General Jefferson B. Sessions, III is an officer of the U.S. Department of Justice ("DOJ"), which is headquartered in the District of Columbia. The functions of the DOJ include performing clearances for the DOS of visa applicants through records and databases. Defendant Sessions performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

c.     Defendant Director L. Francis Cissna is an officer of the DHS and is the Director of U.S. Citizenship and Immigration Services ("USCIS"), which is headquartered in the District of Columbia. The functions of the USCIS include entering findings of inadmissibility

pursuant to 8 U.S.C. § 1182(a)(6)(C)(i) and performing clearances for the DOS of visa applicants through records and databases. Defendant Cissna performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia.

d.      Defendant Acting Commissioner Kevin K. McAleenan is an officer of the DHS and is the Acting Commissioner of Customs and Border Protection ("CBP"), which is headquartered in the District of Columbia. The functions of CBP include entering findings of inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(C)(i) and performing clearances for the DOS of visa applicants through records and databases. Defendant McAleenan performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia.

e.      Defendant Deputy Director and Senior Official Performing the Duties of the Director Thomas D. Homan is an officer of the DHS and is the Deputy Director and Senior Official Performing the Duties of the Director of Immigration and Customs Enforcement ("ICE"), which is headquartered in the District of Columbia. The functions of ICE include entering findings of inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(C)(i) and performing clearances for the DOS of visa applicants through records and databases. Defendant Homan performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, with the District of Columbia.

f.      Defendant Secretary Rex W. Tillerson is an officer of the DOS and is responsible for the operation of the DOS, which is headquartered in the District of Columbia. The DOS is responsible for all consular services including the adjudication of visa applications along with administrative processing of various clearances and checks before issuance of visas. Defendant Tillerson performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

g.      Defendant Assistant Secretary David T. Donahue is an officer of the DOS

and is responsible for the Bureau of Consular Affairs, subject to the discretion of Defendant Tillerson, who resides in the District of Columbia. Defendant Donahue is responsible for formulating and implementing policies related to visa issuance and consular services and for the supervision of consular officers.   Defendant Donahue performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

h.      Defendant Deputy Assistant Secretary Edward J. Ramotowski is an officer of the DOS and is responsible for the Visa Services Office, within the Bureau of Consular Affairs, subject to the discretion of Defendant Tillerson, who resides in the District of Columbia. Defendant Ramotowski is responsible for formulating and implementing policies related to visa issuance and consular services and for the supervision of consular officers.   Defendant Ramotowski performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

i.      Defendant Ambassador Kenneth I. Juster, is an officer of the DOS and is responsible for overseeing all aspects of the U.S. Embassy to India, subject to the discretion of Defendant Tillerson, who resides in the District of Columbia;

j.      Defendant Consul General Katherine B. Hadda is an officer of the DOS and is responsible for overseeing the operations of the U.S. Consulate in Hyderabad, India, subject to the discretion of Defendant Tillerson, who resides in the District of Columbia;

k.      Defendant Donald Mulligan is an officer of the DOS and is the Chief of the Consular Section at the U.S. Consulate in Hyderabad, India. Defendant Mulligan is responsible for managing the operation of the Consular Section (involved in the adjudication and issuance of visas), subject to the discretion of Defendant Tillerson, who resides in the District of Columbia;

l.      Defendant Officer John Doe is an officer of the DOS and is responsible for interviewing nonimmigrant visa candidates and granting or refusing nonimmigrant visa applications at the Hyderabad Consulate, subject to the discretion of Defendant Tillerson, who

resides in the District of Columbia;

       m.       All of the events or omissions giving rise to Plaintiff's Complaint occurred within the offices of the DOS and the DHS; and

       n.       Judicial economy and the interests of justice warrant that Plaintiff's action be brought and decided in the District of Columbia, because the above-listed Defendant U.S. officials perform a significant amount of their official duties, and their agencies are all located, within the jurisdiction of this Honorable Court, or are subject to the direction of their Agency Director, who is similarly located within the District of Columbia.[1]

    14.      Plaintiff has taken all administrative acts available to seek redress for his injuries.

## IV.    PARTIES

    15.      Plaintiff, Maria Anurag Reddy Basani, is a citizen and national of India. He currently resides at 8626 Greenway Boulevard, Apartment 213, Middleton, WI  53562. *See* Exhibit A.

    16.      Defendant Kirstjen M. Nielsen is the Secretary of DHS and this action is brought against her in her official capacity only, as well as her successors and assigns. She is charged with overseeing the DHS, which includes sub-agencies, and with implementing the INA. She is further authorized to delegate certain powers and authority to subordinate employees of the DHS. DHS is headquartered at 245 Murray Lane, S.W., Washington, D.C. 20598.

    17.      Defendant Jefferson B. Sessions III is the U.S. Attorney General and this action is brought against him in his official capacity only, as well as his successors and assigns. He is

---

[1] Courts in this district have held that, "[w]hen an officer or agency head performs a 'significant amount' of his or her official duties in the District of Columbia, the District of Columbia is a proper place for venue." *See*, *Dehaemers v. Wynne*, 522 F. Supp. 2d 240, 248 (D.D.C. 2007) (citing *Jyachosky v. Winter*, 2006 U.S. Dist. LEXIS 44399 at 12 [D.D.C. June 29, 2006] [citing *Bartman v. Cheney*, 827 F.Supp. 1, 1 [D.D.C. 1993] [holding that the Secretary of Defense resides in Washington, D.C. for purposes of 28 U.S.C. §1391(e)]).

charged with certain functions involved in the implementation of the INA, and is further authorized to delegate such powers and authority to subordinate employees of the FBI, which is an agency within the DOJ. More specifically, Mr. Sessions is responsible for overseeing the timely completion of all requests made for security administrative processing clearances and security checks, including screenings by the FBI's National Name Check Program ("NNCP"), which is mandated by Executive Order No. 10450. Presently, every intending nonimmigrant must pass at least FBI NNCP, IAFIS, and NCIC-III screenings before his or her DS-160 Applications can be approved. The DOJ is headquartered at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530-0001.

18.     Defendant L. Francis Cissna is the Director of USCIS, who is named herein only in his official capacity, as well as his successors and assigns. He is generally charged with the implementation of the INA, and is further authorized to delegate certain powers and authority to subordinate employees of USCIS. USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20008.

19.     Defendant Kevin K. McAleenan is the Acting Commissioner of CBP, who is named herein only in his official capacity, as well as his successors and assigns. He is generally charged with the implementation of the INA, and is further authorized to delegate certain powers and authority to subordinate employees of CBP. CBP is headquartered at 1300 Pennsylvania Avenue, N.W., Washington, D.C. 20229.

20.     Defendant Thomas D. Homan is the Deputy Director and Senior Official Performing the Duties of the Director of ICE, who is named herein only in his official capacity, as well as his successors and assigns. He is generally charged with the implementation of the INA, and is further authorized to delegate certain powers and authority to subordinate employees of ICE. ICE is headquartered at 500 12th Street, S.W., Washington, D.C., 20536.

21.     Defendant Rex W. Tillerson is the Secretary of State, and this action is brought against him in his official capacity only, as well as his successors and assigns.  He is charged

with overseeing DOS, which includes all U.S. Embassies and their consular operations. He is further authorized to delegate certain powers and authority to subordinate employees of the DOS.  DOS is headquartered at 2201 C Street, N.W., Washington, D.C.  20520.

22.     Defendant David T. Donahue is the Assistant Secretary of the DOS Bureau of Consular Affairs, and this action is brought against him in his official capacity only, as well as his successors and assigns.  He is charged with formulating and implementing policies related to immigration and consular services and with the administration of diplomatic and consular officers.  DOS is headquartered at 2201 C Street, N.W., Washington, D.C.  20520.

23.     Defendant Edward J. Ramotowski is the Deputy Assistant Secretary for Visa Services, and this action is brought against him in his official capacity only, as well as his successors and assigns. He is charged with formulating and implementing policies for the DOS Office of Visa Services. DOS is headquartered at 2201 C Street, N.W., Washington DC 20520.

24.     Defendant Kenneth I. Juster is the United States Ambassador to India and this action is brought against him in his official capacity only, as well as his successors and assigns. He is charged with overseeing all aspects of the U.S. Embassy. The U.S. Embassy is located at Shantipath, Chanakyapuri, New Delhi - 110021110 India.

25.     Defendant Katherine B. Hadda is the Consul General at the U.S. Consulate in Hyderabad, India, and this action is brought against her in her official capacity only, as well as her successors and assigns.  She is charged with overseeing consular affairs, including the granting and refusal of visas.  The Consulate is headquartered at 1-8-323, Paigah Palace, Chiran Fort Lane, Begumpet, Secunderabad, Telangana 500 003 India.

26.     Defendant Donald Mulligan is the Chief of the Consular Section for the U.S. Consulate in Hyderabad, India, and this action is brought against him in his official capacity only, as well as his successors and assigns.  He is charged with overseeing the granting and refusal of visas, and supervising the staff of the Consular Section. The Consulate is

headquartered at 1-8-323, Paigah Palace, Chiran Fort Lane, Begumpet, Secunderabad, Telangana 500 003 India.

27.     Defendant John Doe is an Officer of the Nonimmigrant Visa Unit at the U.S. Consulate in Hyderabad, and this action is brought against him in his official capacity only, as well as his successors and assigns.   He is charged with interviewing Nonimmigrant visa applicants and granting and refusing visas. The U.S. Consulate in Hyderabad is located at 1-8-323, Chiran Fort Lane Begumpet, Secunderabad 500 003 India.

## V.     STATEMENT OF THE CASE

### A. Case History

28.     Plaintiff was born in Hyderabad, Andhra Pradesh, India. *See* Exhibit A. Plaintiff currently resides in Middleton, WI, pursuant to H1B status. *See* Exhibits A and D.

29.     Plaintiff was issued an F-1 visa at the U.S. Consulate in Hyderabad, India, on or about June 22, 2010, to pursue a U.S. education at Texas A&M University Corpus Christi. *See* Exhibits A and B. On May 1, 2012, Plaintiff graduated from Texas A&M University, after which he proceeded to apply and be approved for an Optional Practical Training ("OPT") extension and a Science, Technology, Engineering, and Math ("STEM") OPT extension. *See* Exhibits A and B.

30.     During his STEM OPT employment, Plaintiff traveled to India for vacation. *See* Exhibits A and C. Plaintiff departed the U.S. on December 19, 2013 and returned to the U.S. on January 13, 2014. Id. Upon his return to the U.S., was placed in secondary questioning at CBP Washington Dulles International Airport ("IAD") but was ultimately admitted to the U.S. in F-1 status. Id.

31.     Plaintiff changed his nonimmigrant status to H1B upon the approval of his first H1B petition, filed by Intone Networks, Inc. *See* Exhibits A and D. The petition was valid from

October 1, 2014 to October 1, 2015. *See* Exhibit D.

32.     Intone Networks, Inc. filed two subsequent H1B amendment petitions on behalf of Plaintiff, which were approved. *See* Exhibits A and D. The first amendment (and extension of status) was valid from February 24, 2015 to October 21, 2017. *See* Exhibit D. The second amendment was valid from October 27, 2015 to October 21, 2017. Id.

33.     On June 10, 2016, Plaintiff departed the U.S. to return to India for his wedding. *See* Exhibits A and C.

34.     While in India, Plaintiff visited the U.S. Consulate in Hyderabad, India to apply for an H1B visa based on his then-valid H1B approval with Intone Networks, Inc. *See* Exhibits A and D. Plaintiff was met with some difficulty during his appointment, and his application was placed in administrative processing. *See* Exhibit A.

35.     On June 29, 2016, Plaintiff's visa application was refused pursuant to 8 U.S.C. § 1182(a)(6)(C)(i). *See* Exhibits A and E. The Consular Officer indicated to Plaintiff that the finding appeared to be a mistake, and applied for a waiver of Plaintiff's inadmissibility that same day. *See* Exhibit A.

36.     After waiting in India for several months, Plaintiff was granted the recommended nonimmigrant waiver of the 8 U.S.C. § 1182(a)(6)(C)(i) finding and the H1B visa was issued for him to return to the United States in H1B status. *See* Exhibits A and G.

37.     Plaintiff returned to the U.S. on December 16, 2016 where he resumed work for Intone Networks, Inc. *See* Exhibits A and C.

38.     Plaintiff has continued working for Intone Networks, Inc. since his most recent admission to the U.S. *See* Exhibit A. His fourth H1B approval with the company is valid from October 22, 2017 to October 21, 2020. *See* Exhibits A and D. His H1B status has been extended for the same time period. Id.

39.     As described below in more detail, Plaintiff and his attorneys have made several attempts to identify and address the Fraud Finding to no avail. *See* Exhibit A.

**B. Exhaustion of Remedies**

40.      Plaintiff has made numerous inquiries to the DHS and DOS to identify and challenge Fraud Finding. However, all of these efforts have failed. *See* Exhibit A.


41.      Plaintiff contacted CBP at the Port of Washington-Dulles and requested the port's confirmation about whether or not a Fraud Finding was made in its systems during Plaintiff's January 13, 2014 admission when he was placed in secondary questioning. *See* Exhibit H. CBP responded that there was not anything she could share with Plaintiff. Id. CBP recommended filing a Freedom of Information Act ("FOIA") request with DHS. Id.

42.      Plaintiff contacted DOS through LegalNet in attempt to clarify the source and basis of the Fraud Finding. LegalNet confirmed that the Fraud Finding was made by DHS. *See* Exhibit F.

43.      A FOIA request was filed with CBP, which resulted in an inconclusive response regarding the 8 U.S.C. § 1182(a)(6)(C)(i) finding. *See* Exhibit I.

44.      Multiple FOIA requests and a FOIA appeal were filed with USCIS. The requests and appeal yielded two separate responses from USCIS FOIA, neither of which were conclusive regarding the 8 U.S.C. § 1182(a)(6)(C)(i) finding. *See* Exhibit J.

45.      Multiple FOIA requests and a FOIA appeal were filed with ICE. The requests and appeal yielded two separate responses from ICE, neither of which were conclusive regarding the 8 U.S.C. § 1182(a)(6)(C)(i) finding. *See* Exhibit K.

46.      A third ICE FOIA response was received that was the result of remanded documentation from the USCIS FOIA appeal, which also proved to be inconclusive regarding the 8 U.S.C. § 1182(a)(6)(C)(i) finding. Id.

47.      Plaintiff through counsel has submitted several other requests to various DHS agencies in an attempt to find the root of the 8 U.S.C. § 1182(a)(6)(C)(i) finding. *See* Exhibit L.

48.      The CIS Ombudsman's Office at DHS was also contacted, but this proved to be

inconclusive regarding the specific source and foundation for the Fraud Finding. Id.

49.     Plaintiff submitted a request through DHS's Travel Redress Inquiry Program ("TRIP"), which remains pending. Id.

50.     On June 21, 2017, FOIA requests were submitted to DHS and the Office of Biometric Identity Management ("OBIM"), and they submitted a request for clarification to DHS's Privacy Office, all of which have not received a response. Id.

51.     A FOIA request was also filed with DOS that provided an inconclusive response regarding the 8 U.S.C. § 1182(a)(6)(C)(i) finding. See Exhibit M.

52.     Plaintiff has no other avenues to pursue to identify the specific source and foundation for the 8 U.S.C. § 1182(a)(6)(C)(i) finding.

## VI.     GROUNDS FOR RELIEF

53.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

54.     Plaintiff is entitled to judicial review under 28 U.S.C. § 1331 and 5 U.S.C. § 702.

55.     Plaintiff seeks judicial review of the decision to make a finding of inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(C)(i) barring him from eligibility for any immigration benefit, particularly issuance of a visa and admission to the United States.

56.     Plaintiff seeks judicial review of Defendants' decision to not subsequently remove or withdraw the Fraud Finding inadmissibility finding pursuant to 8 U.S.C. § 1182(a)(6)(C)(i) made against him.

57.     This action arises under the Constitution of the United States; the INA, 8 U.S.C. § 1101 et seq.; 28 U.S.C. § 1331; and the APA, 5 U.S.C. § 701 et. seq.  This Honorable Court has jurisdiction under 5 U.S.C. § 703 and 28 U.S.C. § 1331, as well as under 28 U.S.C. § 2201 and § 2202 (relating to the Courts' ability to fashion appropriate remedies).  This Court may grant

declaratory relief in this action under 28 U.S.C. § 2201, *et seq.* (Declaratory Judgment Act); 5 U.S.C. § 701 *et seq.* (Administrative Procedure Act); and 28 U.S.C. § 651, *et seq.* (All Writs Act).

58.     Defendants' making of the inadmissibility finding without a meaningful review of the evidence available to the adjudicator is in violation of Plaintiff's right to due process of law under the Fifth Amendment to the United States Constitution.  This decision is therefore subject to review under 5 U.S.C. § 706(2)(D).

59.     Defendants' refusal to withdraw this finding of inadmissibility without a meaningful review of the substantial evidence available to the adjudicator is in violation of Plaintiffs' right to due process of law under the Fifth Amendment of the United States Constitution.  This decision is therefore subject to review under 5 U.S.C. § 706(2)(A).

60.     Beyond the arbitrary and capricious nature of Defendants' decision to enter a fraud determination, Plaintiff also presents a question of pure law.

61.     The INA provides that "admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe." *See,*  8 U.S.C. § 1184(a)(1).

62.     The INA provides that "any alien who, by fraud or willfully misrepresenting a material fact" tries to obtain an immigration benefit "is inadmissible." *See*, 8 U.S.C. § 1182(a)(6)(C)(i).

63.     While USCIS as an agency is granted broad discretion, that discretion is not unfettered. *See*, 5 U.S.C. § 706.

64.     Defendants are required by 5 U.S.C. § 555(e) to provide the reasons for their denial of a request "made in connection with any agency proceeding" in a written statement to Plaintiff.

65.     The duty imposed by 5 U.S.C. § 555(e) is also required by agency regulation and Precedent Decisions governing the actions of employees of DHS and DOJ.  *See*, 8 C.F.R. §

103.3(a)(1) (requiring a decision be issued with specific reasons), and 8 C.F.R. § 103.37(g) (requiring DHS employees to follow Precedent Decisions).  *See also*, *In re Air India "Flight No. 101"*, 21 I. & N. Dec. 890 (BIA 1997) (holding that a decision to fine a party must specifically state reasons for its imposition) and *Matter of M-P-*, 20 I. & N. Dec. 786 (BIA 1994) (holding that the reasons for a denial must be fully explained).

66.     Defendants must carefully establish, based on facts in the record of the administrative proceeding, that an act of fraud or willful misrepresentation of material facts was committed by an applicant before concluding that he or she is subject to 8 U.S.C. § 1182(a)(6)(C)(i).  *See*, *Matter of Healy and Goodchild*, 17 I. & N. Dec. 22, 28 (BIA 1979) ("given the harsh consequences of a finding of inadmissibility" for fraud or misrepresentation "the factual basis of such finding should be subject to close scrutiny").  *See also*, *Matter of Shirdel*, 19 I. & N. Dec. 33, 35 (BIA 1984) ("closely scrutinize the factual basis for a possible finding" of fraud or misrepresentation).

67.     Defendants therefore cannot ignore or discount the absence of evidence in the administrative record without a rational basis. Nor can the agency ignore or discount the presence of evidence without a rational basis.  If it follows either course, such action is considered arbitrary and capricious and is considered an abuse of discretion. *See*, 5 U.S.C. § 706.

a.   "[A]n agency's refusal to consider evidence bearing on the issue before it constitutes arbitrary action within the meaning of §706."  *Butte County v. Hogen*, 613 F.3d 190 (D.C. Cir. 2010).

b.   "[S]ince the statute makes motive critical, he [the alien found subject to 8 U.S.C. § 1182(a)(6)(C)(i)] must provide some evidence of it, direct or circumstantial." *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992).  There must be some evidentiary basis for USCIS to conclude that a person is inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i).  *See*, PM Vol. 8, Part J, Chap. 3, §A.1.

68.     8 U.S.C. § 1182(a)(6)(C)(i) was enacted to provide a basis for refusing admission to the United States of those aliens who commit fraud or willfully make a material misrepresentation to obtain an immigration benefit.

69.     An alien is not subject to the penalties of 8 U.S.C. § 1 182(a)(6)(C)(i) if "there is no evidence that the alien presented or intended to present fraudulent documents or documents containing material misrepresentations" to USCIS. *See*, *Matter of D-L- and A-M-*, 20 I. & N. Dec. 409, 412 (BIA 1991).

70.     To conclude that an alien committed fraud according to 8 U.S.C. § 1182(a)(6)(C)(i), the Defendants are required to find that he or she falsely represented a material fact, that the alien knew of its falsity, that the alien intended to deceive a government official empowered to act upon that request, and that Defendants believed the falsity and acted based on it to issue a visa or other benefit under the INA. *See*, PM Vol. 8, Part J, Chap. 2, §C (reviewing the requirements for finding commission of fraud by alien).  *See*, *Matter of G-G-*, 7 I. & N. Dec. 161 (BIA 1956) (explaining the legal standard necessary for a fraud finding).

71.     A material misrepresentation finding pursuant to 8 U.S.C. § 1182(a)(6)(C)(i) requires Defendants to find that an alien falsely represented a material fact and that the misrepresentation was willful.  *See,* PM Vol. 8, Part J. Chap. 2 §B (reviewing the elements for finding a material misrepresentation under 8 U.S.C. §1182(a)(6)(C)(i).  *See*, *Matter of Kai Hing Hui*, 15 I. & N. Dec. 288 (BIA 1975) (finding a material misrepresentation after consideration of evidence in the records) and *Healy and Goodchild*, 17 I. & N. Dec. at 28 (reversing misrepresentation finding when alien presented an "explanation…plausible, if not compelling").

72.     Defendants must be able to establish the materiality of a misrepresentation by showing either that Plaintiff "is excludable [*i.e.*, inadmissible] on the true facts" or that Plaintiff's "misrepresentation tend[ed] to shut off a line of inquiry, which is relevant to the alien's eligibility and which might well have resulted in a proper determination that he be [inadmissible]." *See*, *Matter of S- and B-C-*, 9 I. & N. Dec. 436, 447 (BIA 1961).  *See also*, *Kungys v. U.S.*, 485 U.S.

759 (1988) (holding "whether…concealments or misrepresentations were material is whether they had a natural tendency to influence the decisions" of the government).

73.     A misrepresentation is "willful" if Defendants can establish that the presentation or withholding of facts, to obtain an immigration benefit, was "deliberately made with knowledge of their falsity." *Matter of S- and B-C-*, 9 I. & N. Dec. 436, 445 (BIA 1960; A.G. 1961).   *See*, PM Vol. 8, Part J, Chap. 3, § D (explaining willfulness requires showing misrepresentation was made knowingly, intentionally, and deliberately")

74.     8 USC § 1182(b) provides that when a determination is made pursuant to 8 U.S.C. § 1182(a)(6)(C)(i) the subject alien must be given notification regarding the inadmissibility finding.

75.     The purpose of the 8 USC § 1182(b) notification is to give the affected alien an opportunity to challenge and rebut the finding under 8 U.S.C. § 1182(a)(6)(C)(i) and the factual basis for it being drawn against him or her.

76.     The alien carries the burden pursuant to 8 USC § 1361 to demonstrate that he is not inadmissible by a preponderance of the evidence.   *See*, *Matter of Rivero-Diaz*, 12 I. & N. Dec. 475, 476 (BIA 1967) ("the burden of proof is upon the applicant for admission for establishing that he is not subject to exclusion") and *Matter of Chawathe*, 25 I. & N. Dec. 369, 375 (AAO 2010) (holding that the standard of proof is a preponderance of the evidence).

77.     Defendants have a legal duty to give an alien notice of the finding and opportunity to submit evidence for consideration on his or her behalf.   *See*, 8 U.S.C. §1182(b) (requiring notice to an affected alien) and 8 C.F.R. §103.2(b)(16) (requiring that an "applicant" be given an opportunity to address derogatory information in the record of proceeding).

78.     Defendants entered a finding of fraud pursuant to 8 U.S.C. § 1182(a)(6)(C)(i) without giving Plaintiff notice or an opportunity to meet his burden.

79.     Defendants have not provided any further communication in response to

Plaintiff's requests to reveal the specific source or basis for the Fraud Finding.

80.     Plaintiff has exhausted available administrative remedies by communicating with the Defendants. There is no further administrative review available. There is no other appropriate judicial remedy.

81.     This case is ripe for review, as DHS issued the Fraud Finding and the U.S. Consulate previously refused to issue an H1B visa to Plaintiff based upon the DHS inadmissibility finding notwithstanding the subsequent issuance of the visa with a nonimmigrant waiver pursuant to 8 U.S.C. § 1182(d)(3)(A).

82.     The standard of review that must be applied in this case is the "substantial evidence" test under 5 U.S.C. § 706(2)(E). The Defendants' decision to make a "fraud" determination was clearly an adjudicatory hearing designed to produce a record that is to be the basis of agency action.  *See*, 5 U.S.C. § 706(2)(E).

83.     Plaintiff has made multiple attempts to communicate with the appropriate officials amongst the Defendants to explain that the inadmissibility finding pursuant to 8 U.S.C. § 1182(a)(6)(C)(i) was incorrect and was made without any notice to the Plaintiff.

84.     Plaintiff has made multiple attempts to communicate with the appropriate official amongst the Defendants to request guidance on how to remove the 8 U.S.C. § 1182(a)(6)(C)(i) finding against Plaintiff.

85.     The documents that Plaintiff received from Defendants failed to identify the specific source or basis for the inadmissibility finding.

86.     The documents that Plaintiff received from Defendants failed to confirm that the inadmissibility finding could be or was lawfully entered by Defendants.

87.     Defendants' decision that an inadmissibility finding was appropriate before any evidence was submitted by Plaintiff warrants no deference whatsoever, as this determination by fails the "substantial evidence" test.

88.     Defendants' decision that Plaintiff showed an intention to deceive or to make a

material misrepresentation to obtain an immigration benefit was an arbitrary and capricious decision and not supported by substantial evidence in the record. *See*, 5 U.S.C. § 706(2)(A) and (E).

89.     Defendants' decision that Plaintiff showed an intention to deceive or to make a material misrepresentation to obtain an immigration benefit was in violation of the procedures required by law. *See*, 5 U.S.C. § 706(2)(D).

90.     In the alternative, a *de novo* standard of review under 5 U.S.C. § 706(2)(F)(i) should be applied because the actions at issue in this case are "adjudicatory in nature and the agency fact finding procedures are inadequate."

91.     Defendants' refusal to give Plaintiff an opportunity to be heard and grant the request for withdrawal of the 8 U.S.C. § 1182(a)(6)(C)(i) finding is based not only on legal and factual errors, but "gross distortion[s] of the record." *See*, *Karagholi v. INS*, 409 U.S. 1086, 1089 (U.S. 1972).  This action is therefore reviewable under 5 U.S.C. § 704, "wherein '[agency] action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action.'" Id.

## VII. CLAIMS FOR RELIEF

### Count I

### (INA and APA)

92.     The Plaintiff incorporates by reference all prior paragraphs, as though fully set forth herein.

93.     Plaintiff has the right to review of the agency decision under 5 U.S.C. § 702.

94.     The Defendants' actions violate federal regulations, precedent decisions, the INA, and the APA. The Defendants' actions in refusing Plaintiff's multiple requests for a withdrawal of the inadmissibility finding without any apparent consideration of the evidence and

testimony that were not available when the finding was made on June 29, 2016 constitutes agency action that is arbitrary, capricious, an abuse of discretion, and not in accordance with law under 5 U.S.C. § 706(2)(A).

95.     The Defendants' actions violate federal regulations, precedent decisions, the INA, and the APA. The Defendants' failure to correct agency errors and to even continue to commit additional errors in the refusal to withdraw the 8 U.S.C. § 1182(a)(6)(C)(i) finding after becoming aware of agency errors constitutes an agency action without observance of procedure required by law under 5 U.S.C. § 706(2)(D).

96.     The Defendants' actions violate federal regulations, the INA, and the APA. The Defendants ignored or discounted substantial evidence in the administrative record. The Defendants' refusal to consider key evidence provided by Plaintiff constitutes an agency decision unsupported by substantial evidence under 5 U.S.C. § 706(2)(E).

97.     The Defendants' actions violate federal regulations, precedent decisions, the INA, and the APA. The Defendants' refusal to consider key evidence provided by Plaintiff in support of his request for withdrawal of the 8 U.S.C. § 1182(a)(6)(C)(i) finding constitutes an agency decision unsupported by substantial evidence under 5 U.S.C. § 706(2)(E).

**Count II**

**(U.S. Constitution, Fifth Amendment, Due Process Clause)**

98.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

99.     Defendants' actions in determining that Plaintiff is ineligible for admission pursuant to 8 U.S.C. § 1182(a)(6)(C)(i) as described above constitute a deprivation of liberty without a meaningful review of the substantial evidence by the adjudicator in violation of Plaintiff's right to due process under the Fifth Amendment of the U.S. Constitution.

100.     Defendants' actions in the making of the 8 U.S.C. § 1182(a)(6)(C)(i) finding against Plaintiff while refusing to acknowledge or address all of the evidence in the record when

the finding was entered, and the evidence submitted thereafter constitute a deprivation of liberty without a meaningful review of substantial evidence by the adjudicator in violation of Plaintiff's right to due process under the Fifth Amendment of the U.S. Constitution.

101.    Defendants' decision to not remove or withdraw the 8 U.S.C. § 1182(a)(6)(C)(i) finding made against Plaintiff reflects knowledge of at least some evidence submitted and constitutes a deprivation of liberty without a meaningful review of substantial evidence by the adjudicator in violation of Plaintiff's right to due process under the Fifth Amendment of the U.S. Constitution.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

(1)    Reverse Defendants' decision and order Defendants to withdraw the 8 U.S.C. § 1182(a)(6)(C)(i) finding against Maria Anurag Reddy Basani under 5 U.S.C. § 706(2)(F);

(2)    Reverse Defendants' decision and grant the request by Maria Anurag Reddy Basani for removal of the 8 U.S.C. § 1182(a)(6)(C)(i) finding against him under 5 U.S.C. § 706(2)(F);

(3)    Reverse Defendants' decision and order that the 8 U.S.C. § 1182(a)(6)(C)(i) finding be purged from all databases utilized by Defendants to adjudicate the admissibility of Maria Anurag Reddy Basani to the United States under 5 U.S.C. § 706(2)(F);

(4)    Declare that the agency action in this case was "arbitrary and capricious" thus violating the APA;

(5)    Declare unlawful and set aside the Defendants' actions, findings, and conclusions regarding the finding of inadmissibility made pursuant to 8 U.S.C. § 1182(a)(6)(C)(i), against Maria Anurag Reddy Basani, in accordance with this decision under 5 U.S.C. § 702;

(6)     Grant reasonable attorneys' fees and costs as provided under the Equal Access to

Justice Act and the APA.

(7)     Grant such further relief as this court deems reasonable and appropriate.

Respectfully submitted on this 11th day of December 2017.


/s/Adam J. Rosen_____
Adam J. Rosen, Esq.
U.S. District Court Bar # MD29709
Murthy Law Firm
10451 Mill Run Circle, Suite 100
Owings Mills, MD  21117
Phone: (410) 356-5440
Fax:     (410) 356-5669
Email:  adamr@murthy.com

Attorneys for Plaintiffs